```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :       Case No. 4:15-cr-353
                                                :       Case No. 4:16-cv-2733
        Plaintiff,                              :
                                                :
vs.                                             :       OPINION & ORDER
                                                :       [Resolving Docs. 61-2, 65]
ANDRE ORTIZ,                                    :
                                                :
        Defendant.                              :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Andre Ortiz moves for relief under 28 U.S.C. § 2255.[1] Ortiz asks the Court to modify his presentence report ("PSR") so that Ortiz can reduce his prison sentence by completing a drug treatment program. The Court denies Defendant's motion.

On April 21, 2016, this Court sentenced Ortiz to 26 months in prison for being a felon in possession of a firearm.[2] At the end of the sentencing hearing, the Court recommended *sua sponte* that Ortiz should be incarcerated at the federal prison in Morgantown, West Virginia.[3] The Court reasoned that the Morgantown prison was probably the closest facility with an intensive drug treatment program.[4]

Under certain circumstances, the Bureau of Prisons ("BOP") may grant an inmate early release if the inmate completes a prison's Residential Drug Abuse Treatment Program ("R-

---

[1] Doc. 61-2. The Government opposes. Doc. 65. The Petitioner styled his petition as a § 2255 or a Fed. R. Civ. Pro 60(B)(6). The Court receives it as a § 2255.
[2] Doc. 58 at 2.
[3] Doc. 64 at 13:11-24.
[4] *Id.*

Case No. 4:15-cr-353
Gwin, J.

DAP").[5] Ortiz says he is ineligible for early release because his PSR details his gun possession.[6] Therefore, he asks this Court to redact firearm possession from his PSR.[7]

The Court declines for three reasons.

First, the Defendant waived his right to collaterally attack his sentence in his plea agreement.[8] This waiver expressly includes § 2255 motions, and none of the listed exceptions apply here.[9]

Second, the Court will not hide Ortiz's firearm possession from the BOP. BOP has discretion over its R-DAP early release program, and the Court will not interfere with that discretion by redacting the Defendant's PSR.

Finally, Ortiz's requested relief is inappropriate for a § 2255 motion. "Under § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it 'was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'"[10] Here, Ortiz's request falls outside these categories.

Accordingly, this Court **DENIES** Defendant Ortiz's § 2255 petition.

IT IS SO ORDERED.

Dated: April 3, 2017                    *s/         James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[5] Doc 65 at 4.
[6] Doc. 61-2 at 1.
[7] *Id.*
[8] Doc. 46 at 5-6.
[9] *Id.* at 6.
[10] *U.S. v. Addonizio*, 422 U.S. 178, 185 (1979) (quoting *United States v. Hayman*, 342 U.S. 205, 207 n.1 (1952)).